UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                                                              Crim. No. 06-163(02) (PJS/RLE)

                        Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Zachary Charles Leonard,

                        Defendant.

_____

        This matter is before the Court on the Report and Recommendation ("R&R") of Chief

United States Magistrate Judge Raymond L. Erickson, dated September 18, 2006, which

recommends that the Court deny Defendant Zachary Charles Leonard's Motion to Suppress

Statements.  For the reasons that follow, the Court adopts the R&R and denies the Motion.

**BACKGROUND**

        Customs and Border Patrol (CBP) Officer Daniel Shepard works at the International

Falls, Minnesota, port of entry.  On April 5, 2006, he received a tip sheet listing the make,

model, and license plate numbers of four vehicles subject to secondary inspection if they

attempted to cross the United States-Canadian border.  Later that morning, Officer Shepard

learned that a van matching the description of one of the vehicles had arrived at the port of

entry's primary inspection area.  Stacy Marie Peterson, the co-defendant in this case, drove

the van, and Leonard was a passenger.  Peterson's young son was also present in the van.

Officer Shepard stopped the vehicle, asked Leonard and Peterson for identification, and said

they were being referred for a secondary inspection.  When questioned during the secondary

inspection, both Leonard and Peterson said they were not carrying any controlled substances.

Officer Shepard and other CBP officers inspected the vehicle.  During the inspection, Officer Shepard noticed that an interior panel on the rear passenger side of the van was not properly attached, resulting in a gap.  He peeled away the panel and discovered eighteen bags of Ecstasy pills.  A search of the trunk yielded an additional five bags of contraband.  The street value of the drugs exceeds $3 million.  Leonard and Peterson were arrested, and Leonard was transported to the Koochiching County Adult Detention Center.

Leonard and Peterson were each charged with one count of possession with intent to distribute 3,4-methylenedioxymethamphetamine, also known as Ecstacy, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.  On August 22, 2006, the Honorable Patrick J. Schiltz denied Leonard's motion to suppress physical evidence, finding that the search and seizure was lawful.  With permission from the Court, Leonard then filed the instant Motion.

Leonard is presently seeking to suppress statements he made over the telephone while in custody at Koochiching.  He argues that the arrest leading to his detention was not supported by probable cause and that the subsequent custodial statements were therefore unlawfully tainted.  The R&R disagreed.  Relying on <u>Maryland v. Pringle</u>, 540 U.S. 366 (2003), the Chief Magistrate Judge concluded that Leonard's presence in the car, considered with the totality of the circumstances, gave the arresting officer probable cause to believe that Leonard was aiding and abetting the possession of narcotics.  In the Objections to the R&R, Leonard challenges the Chief Magistrate Judge's reliance on <u>Pringle</u>.  Instead, Leonard urges

the Court to follow pre-<u>Pringle</u> Minnesota state law to find that his presence in the vehicle did not create probable cause for the arrest.

**DISCUSSION**

The Court has conducted a <u>de novo</u> review of the record.  <u>See</u> 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based on that review and after carefully considering the Objections and the Government's Response, the Court concurs with the conclusions of the R&R.

In <u>Pringle</u>, the defendant was one of three passengers in a vehicle stopped by law enforcement for speeding.  540 U.S. at 367.  During a search of the car, a police officer found $763.00 in the glove compartment and five baggies of cocaine in the backseat armrest.  <u>Id.</u> at 368.  The United States Supreme Court found it "reasonable for the officer to infer a common enterprise among the three" occupants because all three passengers denied ownership of the drugs, there was no other singling out of a guilty party, and the drugs were located in a place accessible to all of the occupants.  <u>Id.</u> at 373.

The <u>Pringle</u> case is squarely on point here.  Both Leonard and Peterson denied transporting controlled substances, and neither one offered information as to the ownership of the pills.  The drugs were found in a location accessible to both individuals, and actually, nearer to Leonard than Peterson.  These details are strikingly similar to those in <u>Pringle</u>. Further substantiating probable cause in this case, Officer Shepard was acting on a tip to be on the lookout for the car in which Leonard was a passenger because of suspected criminal activity, and the search yielded an enormous quantity of drugs, which indicates that Leonard knew the drugs were in the car, <u>see</u> <u>United States v. Serrano-Lopez</u>, 366 F.3d 628, 635 (8th

Cir. 2004).  Based on all the circumstances, it was eminently reasonable for CBP officers to infer a common enterprise between Leonard and Peterson to aid and abet each other in the possession of controlled substances.  Thus, the R&R correctly concluded that probable cause existed to arrest Leonard and that his subsequent custodial statements were not tainted by any illegality.

The Minnesota state court case, State v. Leonard, No. K0-06-161 (Minn. Dist. Ct. May 22, 2006), on which Leonard relies, is inapposite.  There, a state court found probable cause lacking in a parallel action against Leonard because under Minnesota law, a defendant's mere presence in a vehicle is an insufficient basis on which to base probable cause.  However, Minnesota law appears to be inconsistent with federal precedent in this respect.  Compare State v. Albino, 384 N.W.2d 525, 527 (Minn. Ct. App. 1986) (finding a defendant's mere presence in a vehicle insufficient to establish probable cause) (citing State v. Brazil, 269 N.W.2d 15 (Minn. 1978); State v. Slifka, 256 N.W.2d 90 (Minn. 1977); State v. Clark, 250 N.W.2d 199 (Minn. 1977)); with Pringle, 540 U.S. at 374 (finding that the defendant's presence in a car, combined with other circumstances at the scene, provided probable cause to believe that he had committed the crime of possession of cocaine); United States v. Velazquez-Rivera, 366 F.3d at 661, 665 (8th Cir. 2004) (same).  In addition, the Court observes that the state court cases predate Pringle.

**CONCLUSION**

The Court has conducted a de novo review of the record and finds that Leonard's arrest was supported by probable cause.  Thus, his subsequent custodial statements were not

tainted by illegality.  Accordingly, **IT IS HEREBY ORDERED** that:

1.      The R&R (Docket No. 65) is **ADOPTED**; and

2.      Leonard's Motion to Suppress Statements (Docket No. 58) is **DENIED**.


Dated: October 16, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge